IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PATRICIA BAKER, et al.,

    Plaintiffs,

v.                                          No. 05-2798 B

SHELBY COUNTY GOVERNMENT and
SHELBY COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

_____

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' PARTIAL MOTION TO DISMISS
_____

      Before the Court is the motion of the Defendants, Shelby County, Tennessee Government and the Shelby County Sheriff's Department (collectively, "Shelby County"), to dismiss in part the complaint filed by the Plaintiffs, Patricia Baker, et al., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The complaint as amended alleges violation of the Family and Medical Leave Act of 1993, the Americans with Disabilities Act of 1990 (the "ADA"), the Age Discrimination in Employment Act of 1967 (the "ADEA"), Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §§ 1981 and 1983. The Plaintiffs also assert various state tort claims. In the instant motion, the Defendants seek dismissal of certain of the Plaintiffs' claims under the ADA (as to Plaintiffs Baker, Autry Henry, Mary Holman, Sherman Lackland, Earnestine Pugh, Marguerite Richmond, Kenneth Woodard and Faye Denise Wright), the ADEA (as to Plaintiffs Baker, James Buford (by and through Eddie Buford, the Administrator of the James Buford Probate Case No. D-531), Henry, Lackland, Pugh, Richmond, Woodard and Wright) and § 1981 (as to all Plaintiffs). In addition, Shelby County requests relief in the form of dismissal as to the claims of Plaintiffs Henry and Wright under Title

VII.

Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The Rule requires the court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). A complaint need not "anticipate every defense and accordingly need not plead every response to a potential defense." Memphis, Tenn. Area Local, Am. Postal Workers Union v. Memphis, 361 F.3d 898, 902 (6th Cir. 2004). The court's narrow inquiry on a motion to dismiss under Rule 12(b)(6) "is based upon whether 'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged." Osborne v. Bank of Am., Nat'l Ass'n, 234 F.Supp.2d 804, 807 (M.D. Tenn. 2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

At the outset, the Court notes that the Plaintiffs in their response to the motion have conceded that certain claims should properly be dismissed, to wit:

1.	The claims of Plaintiffs Baker, Henry, Holman, Lackland, Pugh, Richmond, Woodard and Wright under the ADA;

2.	The ADEA claims of Plaintiffs Baker, Buford, Henry, Lackland, Pugh, Richmond and Wright; and

3.	The claims of Plaintiffs Henry and Wright under Title VII.

Accordingly, these claims are hereby DISMISSED.

The Court now turns to the remaining allegations at issue in the instant motion, which will

be addressed seriatim. In their motion to dismiss the ADEA claims, the Defendants argue that the Plaintiffs failed to fulfill the procedural requirements necessary for bringing an action in federal court. A plaintiff must file a timely discrimination charge with the Equal Employment Opportunity Commission (the "EEOC") prior to initiating suit under the ADEA. Amini v. Oberlin Coll., 259 F.3d 493, 498 (6th Cir. 2001). "Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of an . . . ADEA action." Hoover v. Timken Co., 30 F.App'x 511, 513 (6th Cir. 2002).

The Defendants maintain that Woodard's EEOC charge alleged only race discrimination and that he did not cite age discrimination until this action was filed, referencing a copy of his EEOC charge attached as an exhibit to the dispositive motion. However, the document, dated April 13, 2005, clearly reflects that Woodard did in fact allege age discrimination before the EEOC. In the "Discrimination Based On" section of the form, the Plaintiff placed an "x" in the boxes marked "Race" and "Age." In addition, the explanation portion of the document states as follows:

> I was demoted from my position of Deputy Jailer III to the position of Corrections Deputy I effective July 1, 2004. I was hired December 16, 1982.
>
> The reason given for the above actions was reduction in staffing.
>
> I believe that I have been discriminated against because of my race, Black violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967.

(Mem. of Law In Supp. of Def.'s Partial Mot. to Dismiss, Ex. I) Therefore, accepting the Plaintiff's allegations as true, the Court finds that dismissal of Woodard's ADEA claim based upon his failure to exhaust administrative remedies is not warranted.

The Defendants next seek dismissal of the Plaintiffs' § 1981 claims on the grounds that separate independent allegations under the statute cannot be brought but, rather, must be asserted

through § 1983.  In <u>Jett v. Dallas Independent School District</u>, 491 U.S. 701, 736, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989), the Supreme Court held that when a state actor violates an individual's rights under § 1981, § 1983 provides the exclusive remedy.  That is, "the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981[1] when the claim is pressed against a state actor."  Accordingly, "a suit for a violation of rights conferred under § 1981 must be brought pursuant to § 1983."  <u>Malone v. Shelby</u>

---

[1]Section 1981 provides as follows:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.

County Gov't, No. 04-2810, 2005 WL 2114053, at *2 (W.D. Tenn. Aug. 30, 2005); see also Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1137 (10th Cir. 2006) (same).

The Plaintiffs argue in their response to the instant motion that they have asserted their § 1981 claims through § 1983.  As the Court must on a Rule 12(b)(6) motion construe the complaint, as amended, in the light most favorable to the Plaintiffs, it finds they have properly alleged claims under § 1981.  To the extent any § 1981 claims are pled independent of § 1983, however, they are DISMISSED.

In sum, (1) the claims of Plaintiffs Baker, Henry, Holman, Lackland, Pugh, Richmond, Woodard and Wright under the ADA are DISMISSED; (2) the claims of Plaintiffs Baker, Buford, Henry, Lackland, Pugh, Richmond and Wright under the ADEA are DISMISSED; (3) the claims of Plaintiffs Henry and Wright under Title VII are DISMISSED; and (4) the claims of all Plaintiffs pursuant to 42 U.S.C. § 1981 asserted separate and independent from 42 U.S.C. § 1983 are DISMISSED.  The remaining relief sought by the Defendants herein is DENIED.

IT IS SO ORDERED this 11th day of October, 2006.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE