IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PATRICIA BAKER, et al.,

    Plaintiffs,

v.                                                No. 05-2798 B

SHELBY COUNTY GOVERNMENT and
SHELBY COUNTY SHERIFF'S DEPT.,

    Defendants.
_____

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AS TO PLAINTIFF
JAMES BUFORD
_____

       Before the Court is the motion of the Defendant, Shelby County Government, to dismiss this matter with respect to Plaintiff James Buford. The complaint was filed on October 26, 2005 and an amended complaint on December 23, 2005. On June 30, 2006, a suggestion of death was filed as to Buford by the Defendant. It is the Defendant's position in the instant motion, filed November 8, 2006 that, as more than ninety days had elapsed since the filing of the suggestion of death and no motion requesting substitution for the deceased Plaintiff had been made, dismissal was warranted. In response, the Plaintiff avers that an estate was opened for James Buford in state probate court, that he made reference to the administrator of the probate case in his response in opposition to a motion to dismiss filed by other Defendants on other grounds, and that this Court mentioned the administrator in an order entered October 11, 2006.

       Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that

> [i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon

>persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1). Thus, under the Rule, absent timely substitution, dismissal as to the deceased party is required. See Dubuc v. Green Oak Twp, 958 F. Supp. 1231, 1240 (E.D. Mich. 1997). As another district court in this Circuit has recognized,

>[t]he Advisory Committee's Notes affirm the mandatory nature of this dismissal. Before the 1963 amendments to Rule 25(a)(1), the rule resulted in an 'inflexible requirement that an action be dismissed if substitution is not carried out within a fixed period measured from the time of death.' [quoting Fed. R. Civ. P. 25(a)(1) Advisory Committee's Notes (1963 Amendment)]. The 1963 amendments changed the Rule to start the time period upon the filing of a suggestion of death, instead of upon the actual death itself, but the requirement of dismissal was not changed.

Francis v. Francis, No. 1:90CV1235, 1992 WL 57953, at *1 (N.D. Ohio Jan. 7, 1992); see also Deal v. Polk County, Tenn., No. 1:03-cv-385, 2007 WL 1387918, at *11 (E.D. Tenn. May 8, 2007) (dismissal appropriate where no motion for substitution was filed within 90 days of filing of suggestion of death); Wentz v. Best W. Int'l, Inc., No. 3:05-cv-368, 2007 WL 869620, at *3 (E.D. Tenn. Mar. 20, 2007) (motion for substitution filed outside the ninety-day limit was untimely); Firestone v. Galbreath, 895 F. Supp. 917, 934 (S.D. Ohio 1995) (dismissal appropriate where no motion for substitution was filed within 90 days of filing of suggestion of death). In this case, no motion for substitution has been filed in accordance with Rule 25(a)(1) on behalf of Buford, either before the running of the ninety-day period or thereafter.

The ninety-day period may be extended, however, pursuant to Fed. R. Civ. P. 6(b), which provides that

>[w]hen by these rules . . . an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with

> or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed . . ., or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . .

Fed. R. Civ. P. 6(b); see Fed. R. Civ. P. 25(a)(1) Advisory Committee's Notes (1963 Amendment) ("the motion may not be made later than 90 days after the service of the statement unless the period is extended pursuant to Rule 6(b), as amended"). The Plaintiff made no request for an enlargement of time during the ninety-day period. Nor has he made such a request for enlargement following the expiration of the ninety-day period. As well, in his pleadings, the Plaintiff has not even addressed the existence of excusable neglect. The references by the Plaintiff to opening an estate for James Buford, for which no date was given, and the Court's recitation of the name of the purported administrator of the estate provide no proof of compliance with the requirements of Fed. R. Civ. P. 25(a)(1). As noted by the Defendant, the Plaintiff has referred to two different administrators for the estate so it is unclear even at this late date who the appropriate substituted party would be for James Buford. Accordingly, the Defendant's motion is GRANTED and James Buford's claims are DISMISSED. See Wentz, 2007 WL 869620, at *2-3 (burden of showing failure to act was the result of excusable neglect is on the party seeking relief from the period originally prescribed for the act to be done; failure to make such showing mandates dismissal); Farrington v. Benjamin, 100 F.R.D. 474 (D. V.I. 1984) ("it is . . . clear that Rules 6(b) and 25(a)(1) do not invite courts to enlarge arbitrarily the [ninety-day period]").

    IT IS SO ORDERED this 12th day of July, 2007.

                          s/ J. DANIEL BREEN
                          UNITED STATES DISTRICT JUDGE