IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|                              |   |               |
|------------------------------|---|---------------|
|                              | ) |               |
| **PATRICIA BAKER, et al.,**  | ) |               |
|                              | ) |               |
|     Plaintiffs, | ) |         |
|                              | ) |               |
| v.                           | ) | No. 05-2798 B/P |
|                              | ) |               |
| **SHELBY COUNTY GOVERNMENT,**| ) |               |
| **SHELBY COUNTY SHERIFF'S**  | ) |               |
| **DEPARTMENT,**              | ) |               |
|                              | ) |               |
|     Defendants. | ) |         |

_____

ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED
RULE 26 INITIAL DISCLOSURES
_____

Before the court by order of reference is defendants' Motion to Strike Plaintiffs' Amended Rule 26 Initial Disclosures, filed November 5, 2007. (D.E. 74). Plaintiffs filed their response in opposition on November 9, 2007. Defendants filed a reply to plaintiffs' response on November 27, 2007. For the reasons below, the motion is GRANTED.

I. BACKGROUND

On October 25, 2005, plaintiffs filed their complaint against the defendants alleging discrimination in connection with their reduction in rank, and bringing causes of action under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family and Medical

Leave Act, 42 U.S.C. §§ 1981 and 1983, and various state tort claims. The court's scheduling order required the plaintiffs to disclose their experts by September 1, 2006, which was later extended to March 2, 2007. On March 2, plaintiffs identified their experts, but did not provide an expert report as required under Fed. R. Civ. P. 26(a)(2)(B). On March 8, 2007, defendants' counsel sent a letter to plaintiffs' counsel requesting that plaintiffs provide their expert reports "no later than March 16, 2007, otherwise we will move the Court to strike plaintiffs' expert designations and preclude said expert witnesses from testifying at trial." On March 30, 2007, defendants' counsel sent another letter to plaintiffs' counsel stating that they still had not received plaintiffs' expert reports, and indicated that they (defendants) would file a motion with the court asking for an extension of defendants' expert disclosure deadline until thirty days after plaintiffs disclosed their expert reports. In that motion, defendants stated that "[a]s of March 30, 2007, Plaintiffs have not provided reports with its Rule 26(a)(1) disclosures; nor have they sought leave of court for an extension of time within which to provide the reports. . . . Without knowing the subject matter or substance of Plaintiffs' witnesses, Defendants cannot produce or provide rebuttal reports." On April 6, 2007, the court granted the defendants' motion for extension of time to disclose their experts. The court, however, did not extend plaintiffs' expert disclosure

deadline.

On May 21, 2007, plaintiffs provided defendants with a copy of the curriculum vitae for their expert, Dr. David C. Sharp, but not a report.[1]  On June 15, 2007, defendants filed a Motion to Compel Plaintiffs to Respond to Discovery Requests.  Although the motion related to outstanding interrogatory responses and requests for production of documents, the defendants mentioned in their motion that they still had not received plaintiffs' expert reports. Defendants also stated in their motion that

> Plaintiffs' most recent correspondence asked Defendant to prepare a scheduling order requesting the Court for an additional thirty (30) days for the discovery and expert depositions.  Counsel for Defendant has been unable to confer with Plaintiffs' counsel regarding said request, as Plaintiffs' counsel was called out of town and has been unavailable.  Defendant is not opposed to allowing Plaintiffs an additional thirty (30) days to respond to Defendant's written discovery. However, Defendant cannot agree to Plaintiffs' request for an additional 30 days to take depositions.  Plaintiffs have served no discovery requests and have yet to submit their expert witnesses' written reports that were due March 2, 2007.  They have had ample time to complete these reports and take expert depositions.

Plaintiffs never filed a response to the defendants' motion to compel.  As a result, the court granted the motion and ordered the plaintiffs to respond to the defendants' interrogatories and

---

[1] Dr. Sharp is an economist who offers the opinion that the appraisal system employed by the defendants to demote the plaintiffs was "seriously flawed and unevenly applied" in that African-Americans over the age of 40 appeared to have been significantly under-represented among those reinstated and significantly over-represented among those demoted.

document requests by no later than July 15, 2007. The parties shortly thereafter completed discovery pursuant to the amended scheduling order, and defendants timely filed their motion for summary judgment on August 15, 2007. On October 4, 2007, plaintiffs filed their response to the summary judgment motion, which contained an expert report from Dr. Sharp. Although the report was apparently dated July 9, 2007, plaintiffs had not disclosed the report and defendants had not seen the report (or even knew of its existence) prior to October 4. On November 1, 2007, plaintiffs filed an amended initial disclosure, naming Dr. Sharp as an expert witness.

In the present motion, defendants contend that plaintiffs failed to timely produce Dr. Sharp's expert report, and therefore plaintiffs' November 1 amended initial disclosure should be stricken and plaintiffs should be precluded from offering any expert proof from Dr. Sharp.

## II. ANALYSIS

Fed. R. Civ. P. 26(a)(2) governs the disclosure of expert testimony. Rule 26(a)(2)(A) requires a party to "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." With respect to a witness who is retained to provide expert testimony, as Dr. Sharp was in this case, Rule 26(a)(2)(B) requires a written report detailing all opinions to be expressed by

-4-

the expert and the basis for those opinions. The report must contain the following information:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

Federal Rule of Civil Procedure 37 sets forth the consequences for a party's failure to provide Rule 26 expert disclosures. "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c). Rule 37 provides further that, in lieu of exclusion and upon motion and after affording an opportunity to be heard, the court may impose "other appropriate sanctions." Id. The Sixth Circuit has "established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified." Sexton v. Uniroyal Chemical Co., Inc., 62 Fed. Appx. 615, at *3 n.1 (6th Cir. 2003).

The court finds that the plaintiffs' failure to comply with

Rule 26 was not substantially justified or harmless. Although Dr. Sharp's identity as an expert witness and curriculum vitae were disclosed to defendants in or about April of 2007, as discussed above Rule 26(a)(2) also requires disclosure of an expert report. Plaintiffs did not provide defendants with Dr. Sharp's report until October 4 – seven months after the expert disclosure deadline, more than two months after the extended time for plaintiffs to respond to discovery, and over a month after defendants filed their summary judgment motion. In their response to this motion to strike, plaintiffs do not offer any explanation for their failure to timely disclose Dr. Sharp's report. Plaintiffs merely state in their response that their designation of Dr. Sharp "and the receipt of Dr. Sharp's report was well within the Expert Deadline," which is contrary to the record before the court. The late disclosure is not harmless and defendants are prejudiced by the untimely disclosure, as the defendants did not have an opportunity to retain their own expert to rebut Dr. Sharp's opinions, they were prohibited by the late disclosure from deposing Dr. Sharp and challenging his opinions, and they filed their summary judgment motion without having the benefit of reviewing the report.[2]

### III. CONCLUSION

For the reasons above, the defendants' motion to strike is

---

[2] In addition, the trial, which has been continued on four prior occasions, is scheduled to begin on February 25, 2008.

GRANTED.[3]

  IT IS SO ORDERED.

|   |
|---|
| s/ Tu M. Pham |
| TU M. PHAM |
| United States Magistrate Judge |
|   |
| January 28, 2008 |
| Date |

---

[3]In their reply brief, defendants also ask for attorney's fees and expenses under Rule 37. Defendants' motion for fees and expenses is denied.