```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```
___

|                                 |   |              |
|---------------------------------|---|--------------|
| PATRICIA BAKER, et al.,         | ) |              |
|                                 | ) |              |
|     Plaintiffs,                 | ) |              |
|                                 | ) |              |
| v.                              | ) | No. 05-2798 B/P |
|                                 | ) |              |
| SHELBY COUNTY GOVERNMENT,       | ) |              |
| SHELBY COUNTY SHERIFF'S         | ) |              |
| DEPARTMENT,                     | ) |              |
|                                 | ) |              |
|     Defendants.                 | ) |              |

___

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE EXHIBITS AND AFFIDAVITS**
___

Before the court by order of reference is defendants' Motion to Strike Exhibits and Affidavits Attached to Plaintiffs' Response to Defendant's Motion for Summary Judgment, filed October 23, 2007. (D.E. 68). Plaintiffs filed their response in opposition on November 9, 2007. Defendants filed a reply to plaintiffs' response on November 27, 2007. For the reasons below, the motion is GRANTED in part and DENIED in part.

## I.  BACKGROUND

On October 25, 2005, plaintiffs filed their complaint against the defendants alleging discrimination in connection with their reduction in rank, and bringing causes of action under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act,

the Age Discrimination in Employment Act, the Family and Medical Leave Act, 42 U.S.C. §§ 1981 and 1983, and various state tort claims. The court's scheduling order required the plaintiffs to disclose their experts by September 1, 2006, which was later extended to March 2, 2007. On March 2, plaintiffs identified their experts, but did not provide an expert report as required under Fed. R. Civ. P. 26(a)(2)(B). On March 8, 2007, defendants' counsel sent a letter to plaintiffs' counsel requesting that plaintiffs provide their expert reports "no later than March 16, 2007, otherwise we will move the Court to strike plaintiffs' expert designations and preclude said expert witnesses from testifying at trial." On March 30, 2007, defendants' counsel sent another letter to plaintiffs' counsel stating that they still had not received plaintiffs' expert reports, and indicated that they (defendants) would file a motion with the court asking for an extension of defendants' expert disclosure deadline until thirty days after plaintiffs disclosed their expert reports. In that motion, defendants stated that "[a]s of March 30, 2007, Plaintiffs have not provided reports with its Rule 26(a)(1) disclosures; nor have they sought leave of court for an extension of time within which to provide the reports. . . . Without knowing the subject matter or substance of Plaintiffs' witnesses, Defendants cannot produce or provide rebuttal reports." On April 6, 2007, the court granted the defendants' motion for extension of time to disclose their experts.

The court, however, did not extend plaintiffs' expert disclosure deadline.

On May 21, 2007, plaintiffs provided defendants with a copy of the curriculum vitae for their expert, Dr. David C. Sharp, but not a report.[1] On June 15, 2007, defendants filed a Motion to Compel Plaintiffs to Respond to Discovery Requests. Although the motion related to outstanding interrogatory responses and requests for production of documents, the defendants mentioned in their motion that they still had not received plaintiffs' expert reports. Defendants also stated in their motion that

> Plaintiffs' most recent correspondence asked Defendant to prepare a scheduling order requesting the Court for an additional thirty (30) days for the discovery and expert depositions. Counsel for Defendant has been unable to confer with Plaintiffs' counsel regarding said request, as Plaintiffs' counsel was called out of town and has been unavailable. Defendant is not opposed to allowing Plaintiffs an additional thirty (30) days to respond to Defendant's written discovery. However, Defendant cannot agree to Plaintiffs' request for an additional 30 days to take depositions. Plaintiffs have served no discovery requests and have yet to submit their expert witnesses' written reports that were due March 2, 2007. They have had ample time to complete these reports and take expert depositions.

Plaintiffs never filed a response to the defendants' motion to compel. As a result, the court granted the motion and ordered the

---

[1] Dr. Sharp is an economist who offers the opinion that the appraisal system employed by the defendants to demote the plaintiffs was "seriously flawed and unevenly applied" in that African-Americans over the age of 40 appeared to have been significantly under-represented among those reinstated and significantly over-represented among those demoted.

-3-

plaintiffs to respond to the defendants' interrogatories and document requests by no later than July 15, 2007.[2] The parties shortly thereafter completed discovery pursuant to the amended scheduling order, and defendants timely filed their motion for summary judgment on August 15, 2007. On October 4, 2007, plaintiffs filed their response to the summary judgment motion, which contained an affidavit and an expert report from Dr. Sharp. Although the report was apparently dated July 9, 2007, plaintiffs had not disclosed the report and defendants had not seen the report (or even knew of its existence) prior to October 4.[3]

In addition, plaintiffs' summary judgment response included affidavits from plaintiffs Mary Holman, Autry Henry, Kenneth Woodard, Earnestine Pugh, Marguerite Richmond, and Faye Wright; closed promotional job postings in the Sheriff's Office during June and July of 2004 (Ex. 2); a memorandum dated June 29, 2004 relating to reassignment of positions due to a reduction in force (Ex. 7); a July 2004 document relating to a meeting involving the demotions (Ex. 8); memoranda dated December 2004 to Shift Captains and assignment rosters evidencing reassignments in their tour of duty (Ex. 16); a spread sheet comparing evaluation data for plaintiffs (Ex. 17); a spread sheet comparing the seniority of lieutenants and

---

[2]Pursuant to the scheduling order, the discovery period closed on June 15, 2007.

[3]On November 1, 2007, plaintiffs filed an amended initial disclosure, naming Dr. Sharp as an expert witness.

sergeants selected as candidates for job elimination during June 2004 (Ex. 21); and spread sheets comparing data for plaintiffs and other Sheriff's Office employees relating to the reduction in force (Exs. 22, 24, and 25).

In the present motion, defendants contend that the court should strike the above-mentioned affidavits and exhibits attached to plaintiffs' response to defendants' motion for summary judgment because (1) plaintiffs failed to timely disclose Dr. Sharp's expert report; (2) plaintiffs failed to timely produce exhibits 16, 17, 22, 24, and 25 during the discovery period;[4] (3) exhibits 2, 7, 8, 16, 17, 21, 22, 24, and 25 are unauthenticated, lack foundation, and/or contain hearsay;[5] and (4) the affidavits contain conclusory allegations and are based on speculation.

## II.  ANALYSIS

### A.  Excluding Exhibits as Discovery Sanction Under Rule 37

Federal Rule of Civil Procedure 37 sets forth the consequences for a party's failure to provide Rule 26 initial disclosures and expert disclosures.  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was

---

[4]Defendants concede in their reply brief that exhibits 2, 7, 8, and 21 were timely produced.

[5]Defendants no longer seek to strike exhibit 18, which consists of copies of court opinions.

substantially justified or is harmless." Fed. R. Civ. P. 37(c). Rule 37 provides further that, in lieu of exclusion and upon motion and after affording an opportunity to be heard, the court may impose "other appropriate sanctions." Id. The Sixth Circuit has "established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified." Sexton v. Uniroyal Chemical Co., Inc., 62 Fed. Appx. 615, at *3 n.1 (6th Cir. 2003).

As set forth in this court's order granting defendants' Motion to Strike Plaintiffs' Amended Rule 26 Initial Disclosures (D.E. 94), the court has found that the plaintiffs' late disclosure of Dr. Sharp's expert report was not substantially justified or harmless. Specifically, the court found that plaintiffs did not provide defendants with Dr. Sharp's report until October 4 – seven months after the expert disclosure deadline, more than two months after the extended time for plaintiffs to respond to discovery, and over a month after defendants filed their summary judgment motion. The court further found that the late disclosure was not harmless and defendants were prejudiced by the untimely disclosure, as the defendants did not have an opportunity to retain their own expert to rebut Dr. Sharp's opinions, they were prohibited by the late disclosure from deposing Dr. Sharp and challenging his opinions, and they filed their summary judgment motion without having the

benefit of reviewing the report. For these same reasons, the court grants defendants' motion to strike Dr. Sharp's affidavit and expert report (Ex. 23) as a sanction under Rule 37.

With respect defendants' motion to strike exhibits 16, 17, 22, 24, and 25 under Rule 37, the motion is denied. First, it is unclear from the record whether plaintiff, in fact, produced Exhibit 16 in an untimely manner in violation of Rule 26(a)(1). In their response brief, plaintiffs state that the exhibit was timely produced as part of plaintiffs' initial disclosures in the group labeled "M. Shelby County documents re: Faye Wright." In their reply brief, defendants state generally that exhibits 16, 17, 22, 24, and 25 were not produced, but provide no further evidence or details regarding their non-production. Without more, the court cannot find that plaintiffs failed to timely produce exhibit 16. Moreover, exhibit 16 consists of documents created and distributed by the Sheriff's Office, and thus to the extent defendants did not timely receive these documents, the court finds that the late disclosure is harmless and certainly does not warrant the sanction of exclusion of evidence.

Second, the spread sheets in exhibits 17, 22, 24, and 25 were created by plaintiffs from data provided by plaintiffs as part of their initial disclosures or from data provided by the defendants, which defendants do not dispute. Although the plaintiffs should have provided the defendants with these spread sheets sooner, the

court finds that the late disclosure is harmless and does not warrant the sanction of exclusion under Rule 37.

**B.     Motion to Strike Affidavits and Exhibits**

In addition to seeking exclusion of evidence under Rule 37, the defendants also move to strike the plaintiffs' affidavits and exhibits 2, 7, 8, 16, 17, 21, 22, 24, and 25 because they lack foundation, are unauthenticated, and/or contain hearsay.  Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, and are generally disfavored.  Scott v. The Dress Barn, Inc., No. 04-1298-T/An, 2006 WL 870684, at *1 (W.D. Tenn. March 31, 2006).  Rule 12(f) authorizes the court to order stricken from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Id.  Rule 7(a) defines a "pleading" as a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and a reply to an answer. Fed. R. Civ. P. 7(a).  Affidavits and exhibits are not "pleadings" that are subject to a motion to strike under Rule 12(f).  Scott, 2006 WL 870684, at *1 (denying motion to strike affidavit attached to plaintiff's response to motion for summary judgment); see also Fox v. Michigan State Police Dept., 173 Fed. Appx. 372, 375 (6th Cir. 2006) (stating that "[e]xhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule

12(f)."); <u>Lombard v. MCI Telecommunications Corp.</u>, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) (stating that there is no basis in the Federal Rules for striking an affidavit; while the court should "disregard" inadmissible evidence, it should not strike that evidence from the record). Thus, defendants' motion to strike the affidavits and exhibits is denied.[6]

### III. CONCLUSION

For the reasons above, the defendants' motion to strike is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

s/ Tu M. Pham
------
TU M. PHAM

United States Magistrate Judge

January 28, 2008
------
Date

---

[6] Defendants also argue that the plaintiffs' affidavits should be stricken because they contain statements that are conclusory and speculative, and are contradicted by plaintiffs' deposition testimony. Although the court may consider these arguments in deciding the summary judgment motion, they do not provide a basis for the court to strike the affidavits.